Investigation of **PLANTATION PUBLIC SERVICE CORPORATION.**
Docket No. 70425-S, Order No. 4948.
Florida Public Service Commission.
September 29, 1970.

J. Victor Africano, Hallandale, for the complainant.

R. M. C. Rose, Tallahassee, for the commission and the public generally.

BY THE COMMISSION.

This commission has received the letter complaint of the First Church of Christ Scientist, located at 35 East Acre Drive, Plantation, alleging that it has been unable to secure sewer service from Plantation Public Service Corporation upon a basis which appears fair and reasonable and not unjustly discriminatory.

Plantation Public Service Corporation is a sewer utility as defined by subsection 367.06(7), Florida Statutes, operating in Broward County and is subject to our jurisdiction. The utility holds certificate of public convenience and necessity no. SS-28, granted by order no. 3243, dated October 10, 1961.

The church has submitted to us a letter dated June 11, 1970, signed by the president of the utility, Mr. Edward H. Gerber, stating that the cost of the "hook-up" and prorata share of a lift station is $1,250.

Mr. J. Victor Africano, attorney for the church, states that when he contacted Mr. Gerber several weeks ago in an attempt to obtain an itemization of the $1,250 cost, Mr. Gerber advised Mr. Africano that the cost would now be $1,712.14, itemized as follows —

Hook-up fee ......................................... $760.50
Prorata share of force main ................ $192.00
Prorata share of lift station ................ $759.64

Mr. Africano advised our attorney, Mr. R. M. C. Rose, by telephone that the demand made by Mr. Gerber on that day was $1,250.

The church states that its property occupies 2.6 acres of land, platted as a single tract, and that its building will have two toilet facilities. The letter does not state whether any lavatories or sinks are to be connected to the sewer service. The complaint letter does state that the church has, at its expense, constructed and layed necessary sewer lines from its building to the existing lines operated and presumably owned by Plantation Public Service Corporation.

From the letter, together with the June 11, 1970 letter from Mr. Gerber, another letter dated May 28, 1970 to Donaldson Engineering Co., Inc. from Mr. Gerber and an unexecuted contract between Plantation Public Service Corporation and the church which is dated December 13, 1968, it appears that the utility is attempting to use a basis for its service availability charge which is based upon the amount of land occupied by the church, and not on the amount of service or the cost to the utility to provide that service.

It further appears that the basis is arbitrary and the unexplained sudden increase in cost appears capricious.

Subsection (1) of §367.11, Florida Statutes, provides —

*"General duties of public utility.* — (1) Each public utility shall furnish to each person applying therefor reasonably sufficient, adequate and efficient service upon terms as re-

quired by the commission, provided, that no public utility shall be required to furnish water or sewer service for resale."

Clearly, then, Plantation Public Service Corporation has the duty of providing service to the church. The question is what is a reasonable and fair charge to be made for such service. Paragraph (a) of subsection 367.15(1) gives the commission authority to prescribe fair and reasonable charges for service as well as rates to be set therefor. By rates, we have meant the amount of money required by a public utility for the cost of doing business as well as the fair return authorized by the statutes. By charges, we have meant the amounts of money for such things as service installation and service calls.

We are ever mindful of the provisions of §367.22, Florida Statutes, which provide —

> "*Legislative declaration.* — The regulation of public utilities as defined herein is declared to be in the public interest and this law shall be deemed to be an exercise of the police power of the state for the protection of the public welfare and all the provisions of this law shall be liberally construed for the accomplishment of that purpose; provided, however, that no existing franchise or contract rights of municipalities having one hundred thousand or more population according to the last official census shall be impaired thereby, and provided further that no provisions of this chapter shall in any way affect any municipal tax or franchise tax in any manner whatsoever."

It is obviously our duty to insist that those who are entitled to receive service from a utility subject to our regulation shall, in all their dealings with the utility, be treated fairly and reasonably.

We find that the First Church of Christ Scientist, Plantation, is entitled to service but cannot, at this juncture, decide that the charges demanded by Plantation Public Service Corporation are or are not fair and reasonable.

It is therefore ordered that if the First Church of Christ Scientist, Plantation, shall pay under protest the sum of $1,250 to Plantation Public Service Corporation on or before October 16, 1970, Plantation Public Service Corporation is ordered to provide sewer service to the church upon terms and at such charges, if any, as shall be set by this commission.

It is further ordered that a public hearing shall be held before an examiner, at 9 A.M., Thursday, October 29, 1970, Room 2, Plantation Recreation Department, 5555 Palm Tree Road, Planta-

tion, to take evidence on the proper, fair and reasonable charge to be paid by the church to the utility herein for sewer service, after which we shall decide what charge shall fairly and reasonably be demanded by the utility to be paid by the church, if any.

It is further ordered that if this commission shall find and order the fair and reasonable charge, if any, to be paid by the church to the utility shall be less than $1,250, the utility shall immediately refund to the church the sum of money in excess of that found to be just and reasonable.

Commissioner JERRY W. CARTER dissents from the decision and states that the charge made by the utility to the church should be the same as for a residence or building of similar use characteristics.